IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TAMMY S. GUNN,

    Plaintiff,

v.                                                    CASE NO. 1:06-cv-00205-MP-WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 19, Report and Recommendation of the Magistrate Judge, recommending that decision of the Commissioner denying benefits be reversed, and the cause remanded for further proceedings. The Magistrate Judge filed the Report and Recommendation on Friday, September 14, 2007. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has made. In this instance, however, no objections were made.

After an administrative hearing, the Administrative Law Judge ("ALJ"), relying on the "grids," found that because Plaintiff could perform her past relevant work, she was not disabled. The Magistrate's Report recommends that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). The standard of review established by § 405(g) requires that the Commissioner's decision be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Plaintiff argues that the ALJ erred by failing to follow the

Eleventh's Circuit's legal standard for the evaluation of a claimant's testimony regarding the degree of the disabling effects of pain that she suffers. The Court agrees with the Magistrate that the evidence relied upon by the ALJ in discrediting the Plaintiff's subjective complaints is not substantial evidence. Because the Commissioner's path cannot reasonably be discerned, a remand is needed.

Therefore, because the ALJ's decision is not supported by substantial evidence, it is reversed and the case remanded. On remand, the ALJ should enter specific findings concerning a determination of Plaintiff's testimonial credibility consistent with this Order and the Report and Recommendation. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Commissioner's decision denying benefits is reversed, and this case is remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this order.

3. If on remand Plaintiff is awarded past due benefits, Plaintiff's attorney must file any request for attorney's fees under 42 U.S.C. § 406(b) no later than 14 days from the date the Commissioner, pursuant to 42 U.S.C. § 406(a)(2)(D)(i), provides the claimant with written notice of the dollar amount of the past-due benefits.

4. The Clerk is directed to close this case.

**DONE AND ORDERED** this   *23rd* day of January, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge